## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DMITRIY MAVRESHKO, a minor | : | No. 3:04cv457 |
| by his parents and natural guardians, | : | |
| IGOR MAVRESHKO and SVETLANA | : | (Judge Munley) |
| MAVRESHKO, in their own right, | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| RESORTS USA, INC. d/b/a | : | |
| FERNWOOD HOTEL AND RESORT, | : | |
| FERNWOOD RESORTS, INC., | : | |
| HRP CORPORATION, TREETOPS, | : | |
| INC., HA RA CORPORATION, d/b/a | : | |
| FERNWOOD HOTEL AND RESORT, | : | |
| and OUTDOOR WORLD CORPORATION, | : | |
| Defendants | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition are motions for summary judgment filed by the plaintiffs and the defendants that call upon the court to determine the effect of a release executed by the plaintiffs with regard to a snow tubing accident. The motions have been briefed and argued. They are thus ripe for disposition. For the reasons that follow, the motions will be granted in part and denied in part.

**Background**

Defendants operate a snow tubing facility on the premises of Fernwood Hotel and Resort located in Bushkill, Monroe County, Pennsylvania. The facility consists of a ski lift system and four snow tubing tracks created and maintained by defendants. Minor Plaintiff Dmitriy Mavreshko was involved in a serious snow tubing accident at the facility on December 24, 2002. The accident resulted in permanent brain

damage.

Prior to being permitted to snow tube, the Plaintiff Dmitriy was required to sign a release of liability for snow tubing ("release").  (Pl. Ex. C).  He was thirteen years of age at the time of the accident, having been born on February 1, 1989.  (Pl. Ex. G., Dmitriy Mavreshko's Birth Certificate).  Dmitriy's mother, Plaintiff Svetlana Mavresko, also signed the release.  (Pl. Ex. C).  Dmitriy's parents each also signed separate releases.  (Pl. Ex. D).

The plaintiffs have filed a two-count complaint.  The first count is Dmitriy Mavreshko versus the defendants.  The count sounds in negligence.  The complaint cites thirteen instances of negligence including, *inter alia*: failure to ensure the track was clear before sending plaintiff down; negligent placement, design and maintenance of the tracks; and failure to provide adequate lighting.

Count II of the complaint also sounds in negligence.  It asserts a cause of action on behalf of Igor and Svetlana Mavreshko, Dmitriy's parents.  It avers that as a result of the defendants' negligence, they have expended substantial sums of money for medical care, and further, that they have been required to care for their son and will be required to do so in the future thus, suffering lost earnings and wages.  At the close of discovery, both the defendants and the plaintiffs moved for summary judgment bringing the case to its present posture.

**Jurisdiction**

This court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  The plaintiffs are citizens of New York, and the defendants are citizens of Pennsylvania and/or Delaware.  Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64,

2

78 (1938)).

**Standard of review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion.  International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party.  Anderson, 477 U.S. at 248 (1986).  A fact is material when it might affect the outcome of the suit under the governing law.  Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial.  Celotex v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial.  Id. at 324.

3

**Discussion**

The defendants have asserted a "release" signed by the plaintiffs as an affirmative defense to the plaintiffs' action.  They have moved for judgment on the plaintiffs' complaint based upon the release.  The plaintiffs have likewise moved for summary judgment on the issue of the release.  They seek judgment in their favor and a ruling that the defendants may not use the release as a defense.

Defendants argue that the release precludes the plaintiffs from recovering any amount of damages. The plaintiffs basically raise two issues: 1) whether the release is voidable because it was signed by a minor, and the fact that the mother also signed the release has no effect on the minor's right to void the contract; and 2) whether the release should be strictly construed against the defendants and is only applicable to suits regarding equipment.   We shall address these issues *in seriatim*.

**I.  Minor Release**

The first argument raised by the plaintiffs is that the release was executed by a minor.  Such releases are voidable by the minor, and therefore, the release does not provide a defense.  After a careful review, we are in agreement with the plaintiffs.

As stated above, we must apply Pennsylvania law to the instant case.  Pursuant to Pennsylvania law, a minor's contract, other than a contract for necessities, is voidable by the minor.  Aetna Casualty & Surety Co. v. Duncan, 972 F.2d 523, 526 (3d Cir. 1992).  This means that a minor's contract can be nullified by the minor disaffirming it during his minority up until a reasonable time after he has attained majority.  Id.; Rivera v. Reading Housing Authority, 819 F. Supp. 1323, 1331 (E.D. Pa. 1993), aff'd 8 F.3d 961 (3d Cir. 1993); see also 23 PENN. CONS. STAT. ANN. § 5101 ("Any individual 18 years of age and older shall have the right to enter into binding and legally enforceable contracts and the defense of

4

minority shall not be available to such individuals").

Defendants' position is that the Pennsylvania Supreme Court has not yet decided this issue, and therefore, we must predict the manner in which the Supreme Court would decide it. Defendants assert that plaintiff relies on opinions of the United States District Courts and the Pennsylvania Courts of Common Pleas and that such opinions carry little weight. We disagree. While the plaintiffs do rely on several such cases, they also cite to <u>Aetna</u>, <u>supra</u>, a Third Circuit Court of Appeals case, discussing Pennsylvania law.

Moreover, the Pennsylvania Supreme Court, as quoted by the United States District Court for the Eastern District of Pennsylvania, has stated:

> All lawyers know that the protection of infants is one of the chief concerns of the law. The rule is that no one may deal with a minor, except for necessaries. Lord Coke said that an infant may bind himself for his meat, drink, apparel, necessary physic and other necessaries, and likewise for his good teaching or instruction, whereby he may profit himself afterward: 27 Am.Jur. 759. This, generally speaking, has been accepted as the true doctrine. An infant is not competent to contract. This positive inhibition is the way of the law to protect infants against their own lack of discretion and against the snares of designing persons.

<u>O'Leary Estate</u>, 42 A.2d 624 (Pa. 1945) <u>quoted in</u> <u>Simmons v. Parkette Nat'l Gymnastic Training Ctr.</u>, 670 F. Supp.140, 144 (E.D. Pa. 1987).

Accordingly, we find that the defendants' position lacks merit, and the contract is voidable as to Plaintiff Dmitriy. We find that the contract is voidable, despite the fact that the plaintiff's mother also signed it. This case is analogous to the <u>Simmons</u> case. We are in agreement with that court that under Pennsylvania law, parents do not have the authority "to release the claims or potential claims of a minor child merely because of the parental relationship." <u>Id.</u> at 143 (quoting <u>Apicella v. Valley Forge Military Academy</u>, 630 F. Supp. 20, 24 (E.D. Pa. 1985); <u>see also</u> <u>Commonwealth ex rel. Rothman v. Rothman</u>,

5

223 A.2d 919, 922 (Pa. Super. Ct. 1966) (explaining that parents cannot bargain away the rights of minor children).

Accordingly, as the minor plaintiff has disaffirmed the contract,[1] we find that the release does not present a defense to the action for the minor plaintiff's claims, and the plaintiffs' motion for partial summary judgment will be granted with regard to the minor plaintiff.

As plaintiff's mother signed the same release that Dmitriy signed, however, the release will bar her claims, unless the scope of the release is not broad enough to cover the allegations of negligence set forth in the amended complaint.

## II. Scope of the release

We next address whether the scope of the release is broad enough to cover the claims asserted in plaintiffs' amended complaint with regard to Svetlana and Igor Mavreshko. As discussed above, Count II of the complaint asserts a cause of action by Svetlana and Igor Mavreshko (hereinafter "Parent Plaintiffs") with regard to negligent design and operation of the snow tubing facility. The Parent Plaintiffs argue that the release does not apply to them because the specific claims they assert are not excluded in the agreement. Defendants, on the other hand, claim that the release covers all claims of negligence that could be asserted. We are in agreement with the defendants.

Contracts providing for immunity from liability from one's own negligence are disfavored by the law and therefore require strict adherence to the standards relating to releases. Brown v. Racquetball Centers, Inc., 534 A.2d 842, 843 (Pa. Super. Ct. 1987). The agreement must be construed strictly and against the

---

[1]See Plaintiffs' statement of material facts in support of their motion for partial summary judgment at para. 14.

party asserting it.  <u>Kotovsky v. Ski Liberty Operating Corp.</u>, 603 A.2d 663, 665 (Pa. Super. Ct. 1992).

Plaintiffs claim that the release at issue only applies to problems with the snow tubing equipment.  In support of their position, the plaintiffs cite the following language from the release, "I will inspect. . . the snow tubing equipment . . and accept full responsibility for its care while in my possession.  I agree to hold harmless. . . Operator. . . for all loss or damage I may cause to this equipment, except reasonable wear and tear."  (Pl. Ex. C, ¶ 1).  In addition, the release provides: "I agree to hold harmless. . . Operator. ..for any and all loss or damage I may cause to person or property while engaged [in] snowtubing and/or snow tube related activities.  This includes, . . . damage that may arise out of the use of the equipment...."  (Pl. Ex. C ¶ 2).  Lastly, they cite paragraph three of the release, which provides: "Operator . . . [is] not responsible for the consequences for their negligence, that is, their failure to use reasonable care in any way in operation of the rental center for snowtubing hill, as well as the installation, maintenance, selection, adjustment and use of this rental equipment."  (Pl. Ex. C, ¶ 3). This section of the release proceeds to indicate that the user assumes the risks "as the user of this equipment."  (<u>Id.</u>)  Plaintiffs' position is that the multiple references to "equipment," "snowtubing equipment," "rental center," and "rental equipment" establish that the release applies to liability with regard to equipment, but not to all types of liability.  We are unconvinced.

Although we must construe the contract strictly, we must also use common sense in interpreting this agreement.  <u>Zimmer v. Mitchell and Ness</u>, 385 A.2d 437, 439 (Pa. Super. Ct. 1978).  In addition, we must examine the whole release, not merely the portions highlighted by the plaintiffs.  The plaintiffs do not discuss sections of the release that are broad in scope and that do not discuss equipment.  For example the document is entitled:  "RELEASE OF LIABILITY FOR SNOWTUBING."  (Pl. Ex. A).  It provides: "I understand and am aware that snowtubing is a HAZARDOUS ACTIVITY.  I understand that snowtubing

7

and the use of snowtubes involves a risk of injury to any and all parts of my body.  I hereby freely and

expressly assume and accept responsibility for any and all risks of injury or death while participating in this

activity." (Pl. Ex. C, ¶ 4).  The release proceeds to state: "I, the undersigned, acknowledge that I have

read this agreement and release of liability and I understand its contents.  I understand that my signature

below expressly waives any rights I may have to sue Operator for injuries and damages." (Pl. Ex. C, ¶ 9).


Accordingly, we find that the release is broad enough to cover the negligence asserted in the

complaint.  As Plaintiff Svetlana Mareshko signed Dmitriy's release under his signature, the release bars her

claims of negligence.

To this point in the opinion we have concluded that the release does not apply to Plaintiff Dmitriy's

claims under Count I of the complaint, but it does apply to Plaintiff Svetlana's claims under Count II of the

complaint.  Our only remaining task is to determine whether Plaintiff Igor's claims under Count II of the

complaint are covered by the release.  We find that they are not.

Plaintiff Igor did not sign the release signed by Dmitriy.  He did, however, sign a release for his own

snowtubing activities.  (Pl. Ex. B).  Defendants assert that by signing the individual release, Plaintiff Igor

released any claims he had against them for damages caused by Dmitriy's injuries. We are unconvinced.

As set forth above, a release agreement must be construed strictly and against the party asserting it.

Kotovsky, 603 A.2d at 665.  Although, the language of the release is broad, it is clearly aimed only at

personal injuries sustained by the plaintiff in his own acts of snowtubing.  It does not refer to releasing the

defendants with regard to claims for medical expenses if the plaintiff's minor child is injured while

snowtubing.

8

We are unconvinced by the defendants reliance on <u>Simmons</u>, <u>supra</u>.  In that case, the mother and the minor executed the same release form to release a gymnastic school from suit involving injuries to the minor sustained in a gymnastics program.  <u>Simmons</u>, 670 F. Supp. at 141.  The mother did not take part in the program, just the minor.   As discussed above, the same situation is presented in the instant case with regard to the minor plaintiff and his mother, they both signed the same release form.  Plaintiff Igor, however, did not sign the same form as his son, Dmitriy, and his release applies only to liability for injuries that he might personally sustain while snowtubing.  Therefore, the case is different in that respect from the <u>Simmons</u> case.  Accordingly, we find that this release does not provide a defense for Plaintiff Igor's claims.

**Conclusion**

For the reasons set forth above, the plaintiffs' motion for partial summary judgment will be granted in part and the defendants shall not be shielded from liability on Count I based upon the release executed by Dmitriy Mavresko.  Defendants' motion for summary judgment, shall also be granted in part, and the release bars Plaintiff Svetlana Mavreshko's claims.  The claims of Plaintiff Igor Mavreshko under Count II are not barred.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DMITRIY MAVRESHKO, a minor | : | No. 3:04cv457 |
| by his parents and natural guardians, | : | |
| IGOR MAVRESHKO and SVETLANA | : | (Judge Munley) |
| MAVRESHKO, in their own right, | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| RESORTS USA, INC. d/b/a | : | |
| FERNWOOD HOTEL AND RESORT, | : | |
| FERNWOOD RESORTS, INC., | : | |
| HRP CORPORATION, TREETOPS, | : | |
| INC., HA RA CORPORATION, d/b/a | : | |
| FERNWOOD HOTEL AND RESORT, | : | |
| and OUTDOOR WORLD CORPORATION, | : | |
| Defendants | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER

AND NOW, to wit, this 31st day of May 2005, the plaintiffs' motion for partial summary judgment (Doc. 23) and the defendants' motion for summary judgment (Doc. 21) are **GRANTED IN PART** and **DENIED IN PART** as follows:

1) Judgment is granted to the plaintiffs on defendants' affirmative defense of release with regard to Plaintiffs Dmitriy and Igor Mavreshko.  The releases executed in the instant case do not provide a defense as to these two plaintiffs; and

2) Judgment is granted to the defendants with respect to the claims made by Plaintiff Svetlana Mavreshko.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

10