IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DMITRIY MAVRESHKO, a minor
by his parents and natural guardians,
IGOR MAVRESHKO and SVETLANA
MAVRESHKO, and IGOR
MAVRESHKO in his own right,
                                Plaintiffs

        v.

RESORTS USA, INC. and HA RA
CORPORATION, d/b/a
FERNWOOD HOTEL AND RESORT,
                                Defendants

No. 3:04cv457

(Judge Munley)

## MEMORANDUM

Before the court for disposition is the plaintiffs' motion for new trial filed pursuant to Federal Rule of Civil Procedure 59. The matter has been fully briefed and is ripe for disposition.   For the following reasons, the motion will be denied.

### Background

Plaintiffs filed the instant negligence action on March 2, 2004, regarding injuries sustained by plaintiff Dmitriy Mavreshko in a snowtubing accident at Fernwood Hotel and Resort. This court held a jury trial from October 31, 2005 through November 8, 2005. The jury returned a defense verdict on November 9, 2005.  (Doc. 101).  The verdict form presented the jury with the following two questions: 1) Do you find the defendants were negligent? and 2) Do you find that the defendants' negligence was a factual cause of the plaintiffs' injuries?  The jury found that the defendants were negligent, but that the negligence was not a factual cause of the plaintiffs' injuries.  (Id.).  The facts are discussed with more particularity where appropriate below.

The court entered judgment in favor of the defendants on November 9, 2005.  (Doc. 102).  On November 22, 2005, plaintiffs filed a motion for a new trial under Federal Rule of Civil Procedure 59.  After the completion of the relevant

portions of the trial transcript, the parties briefed their respective positions bringing the case to its present posture.

## Jurisdiction

This court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiffs are citizens of New York, and the defendants are citizens of Pennsylvania and/or Delaware. Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

## Standard of review

Rule 59 of the Federal Rules of Civil Procedure provides that "a new trial may be granted to all or any of the parties and on all or parts of the issues . . . in any action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in courts of the United States."

## Discussion

Plaintiffs' position is that they are entitled to a new trial because the jury verdict is against the greater weight of the evidence and is factually and legally inconsistent. We will address these two issues in seriatim.

## I. Weight of the evidence

Plaintiffs first argue that the jury's verdict is against the greater weight of the evidence and to allow such a verdict to stand would result in a miscarriage of justice. Plaintiffs' theory of the case was that while snowtubing down the lane Dmitriy collided with one of defendants' employees who was standing in the lane. Plaintiffs contended that defendants' negligence led to the employee's presence in the lane. Defendants claimed that Dmitriy did not, in fact, collide with an

2

employee, but that the Plaintiff Dmitriy caused the accident himself by dragging his feet.  Plaintiffs assert that their evidence on this issues of negligence and causation was so overwhelming that the jury should have found in their favor.

The law provides:  "'[N]ew trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience.'"  Greenleaf v. Garlock, Inc., 174 F.3d 352, 366 (3d Cir. 1999) (quoting  Williamson v. Consolidated Rail Corp., 926 F.2d 1344, 1353 (3d Cir.1991)).

Plaintiffs argue that they had multiple witnesses testify to the accident and that the witnesses saw Dmitriy collide with an attendant in the lane or that they saw him veer off and hit the wall immediately after passing the attendant.  Plaintiff's presented the following eyewitnesses:

Eugene Livits, located at the top of the hill when the accident occurred, testified that he observed an attendant in the lane and Dmitriy's tube strike the attendant.  The tube then changed direction, and Dmitriy hit the wall.  (Doc. 120-14, N.T. 11/02/05 at 7 -8).

Gueorgui Kasparov was standing toward the bottom of the hill.  He testified that he noticed "a worker in a uniform walking the lane." (Doc. 120-15, N.T. 11/04/05 at 4).  He saw the tube strike the worker in his right leg below the knee.  The tube then ricocheted and struck the wall.  (Id. at 5).  Margarita Tarnavsky testified that she saw the snow tube hit and bounce off the attendant and then slam into the opposite wall.  (Doc. 120-16, N.T. 11/04/05 at 5).  Milana Tarnavsky's testimony was that she saw the snow tube strike a man in the lane.  (Doc. 120-17, N.T. 11/02/05 at 9 - 10).  Vladimir Korniyenko testified that he saw the snow tube collide with the attendant causing it to change direction and hit the

3

wall. (Doc. 120-18, N.T. 11/02/05 at 5).

Maxmakim Pashinskiy's deposition was read at trial.   He indicated that he was located at the top of hill and saw an attendant walking in Dmitriy's lane. He did not actually see a collision "but after the collision happened, Dimitriy's snowtube was going slower and at an angle off." (Doc. 120-2, Pashinskiy Dep, at 10).

Felix Yaretsky testified that the defendant's employee who was telling the snowtubers when to start down the hill said immediately after the accident: "I'm sorry, this is all my fault, I didn't see him." (Doc. 120-3, Yaretsky Dep. at 14). She said this to the crowd, that is people in line waiting to snowtube. (Id. at 17).

Christina Larsh, employee at Fernwood on the day in question, saw a lane attendant, Travis Moya, straddling the mound, or windrow, between Lanes 4 and 3. (Doc. 120-4, N.T. 11/01/05 at 10).   He had one leg in Dmitriy's lane and one leg in the lane next to it. (Id. at 11).   She could not see from where stood whether a collision occurred. (Id. at 13).   She also testified, however, that the attendant was not obstructing Dmitriy's path of travel. (Id. at 16).   She also denied stating after the accident that it was her fault. (Id. at 17).

Plaintiff contrasts these witnesses to what it deems to be defendant's sole witness to contradict them.  This witness is Howard Foreman.  Foreman testified that Dmitriy was dragging his left foot. (Doc. 120-19, N.T. 11/07/05 at 14). He dragged it so hard that he spun the tube into the wall and hit the wall with his head. (Id. at 7).  He also testified that no contact occurred between Dmitriy and the attendant. (Id.).  No one was closer to the accident or had a better view of it than Foreman. (Id.).

Plaintiffs assert that allowing the verdict to stand would result in a miscarriage of justice because it is against the weight of the evidence.  They

claim that the verdict indicates that the jury failed to give proper consideration and weight to plaintiffs' witnesses who testified via videotape, with the aid of translators or through the reading of depositions.  After a careful review, we disagree.

Although plaintiff may have had more witnesses than the defendant on the issue of how the accident occurred, it is uniquely the province of the factfinder, here the jury, to choose who to believe and who not to believe.  <u>Government of the Virgin Islands v. Gereau</u>, 502 F.2d 914, 922 (3d Cir. 1974).  In the instant case, the defense points out that all of plaintiff's eyewitnesses were friends or acquaintances of the plaintiffs.[1]  The jury could very well have concluded that their relationship with the plaintiffs colored their testimony.   Both sides presented witnesses who were cross examined and whose credibility was impeached.  It was the jury's task to decide who was telling the truth.  It is not a miscarriage of justice that the jury decided to credit the defendants' witnesses over the plaintiffs' witnesses.  Therefore, the motion for a new trial on the basis that the verdict was against the great weight of the testimony will be denied.

## II. Legal inconsistency

The second argument that plaintiffs raise in their motion for a new trial is that the verdict is inconsistent and irreconcilable in that the jury concluded that the defendants were negligent, but found that the negligence did not cause the plaintiffs' harm.  Plaintiffs contend that the presence of the attendant on the track is unquestionably a cause in fact of Plaintiff Dmitriy's accident, and therefore, the

---

[1]Plaintiffs list Christine Larch as one of their key witnesses.   A review of her testimony, however, reveals that she indicated that she could not see whether a collision occurred.  She further testified that the attendant did not obstruct Plaintiff Dmitriy's lane of travel.  (Doc. 120-4, N.T. 11/01/05 at 13, 16). We find that this testimony does not fully support the plaintiffs' position.

verdict is invalid as a matter of law.  After a careful review, we disagree.

The jury concluded that the defendant was negligent but in such a way that it did not cause the accident.   The United States Supreme Court has explained that "when faced with an apparently inconsistent verdict, a court has a duty to attempt to read the verdict in a manner that will resolve inconsistencies." City of Los Angeles v. Heller, 475 U.S. 796, 806 (1986).  Thus we must examine the record to determine if the defendants could have been negligent and not a cause of the accident.  We find that the verdict is not inconsistent.

The jury could have found that the defendants were negligent in allowing the attendant in the lane, even if he were merely straddling the lanes, but that his presence in the lane did not cause the accident.   As noted above, Foremen testified that Plaintiff Dmitriy caused the accident himself by dragging his foot so hard that he spun the tube into the windrow and hit the windrow with his head. ((Doc. 120-19, N.T. 11/07/05 at 7). The jury could have credited the evidence that indicated that the accident was caused by the defendant dragging his feet.[2]

_____

[2]In their reply brief, plaintiffs argue, apparently for the first time, that even if plaintiff was dragging his foot, he was doing so because of the attendant's presence in the lane, either to avoid him or at his direction.  Plaintiffs' position throughout the trial and in the original brief in support of a new trial is that the accident was caused by a collision between the attendant in the lane and Plaintiff Dmitriy.  (Doc. 120-1, Brief in Support of Motion for New Trial at 2 "Plaintiff collided with the employee, causing plaintiff's tube to cross the lane towards the side ice barrier").   Plaintiffs' position evidently is that the attendant was in the lane, and he told Plaintiff Dmitriy to drag his feet to slow down. Dmitriy dragged only one foot, and then the accident occurred.  If the attendant had not been there to tell him to drag his feet, Plaintiff Dmitriy would not have dragged his one foot, and the accident would not have occurred.  This argument, however, is not supported by the record.  In fact, plaintiffs' own expert witness, James Isham testified that a snowtuber could slow down by dragging his feet. (Doc. 120-7, N.T. 11/02/05 at 24).   Moreover, for us to credit the plaintiffs'

Moreover, plaintiffs presented evidence at trial that defendants could have been negligent in other ways. For example, testimony at trial indicated that Fernwood had a policy of closing all lanes when an article of clothing needed to be retrieved from a tubing lane. The attendant in plaintiff's lane had gone into the lane to retrieve a piece of clothing, but, the lanes were not all shut down. Thus, the jury could have concluded that failing to shut all the lanes was negligent, but that such negligence did not cause Plaintiff Dmitriy's accident. Furthermore, plaintiff's expert witness provided evidence that the hill was negligently designed so as to obstruct the guards' and guests' view of the entire track and any obstacles and that Fernwood failed to re-groom the lanes in a negligent manner. The jury could have concluded that either of these was negligence on the part of the defendants, but that they did not cause the accident.

Accordingly, the jury verdict is not legally inconsistent and the defendants' motion for a new trial on this ground will be denied.

## Conclusion

In conclusion, while we are sympathetic with the plaintiff and it is unfortunate that he was a victim of such a devastating accident, we cannot find that the jury erred in the instant case. The verdict is not against the greater weight of the evidence as evidence was presented by each side and it was the jury's duty to sift through the evidence and decide what was credible and what was not. The jury's finding is not such that it cries out to be overturned or shocks the conscience of the court. In addition, the verdict is not legally inconsistent as the jury could properly have found that defendants were

---

argument would be to attempting to read the verdict to create an inconsistency instead of reading it to resolve inconsistencies, as is our duty.

negligent and not a factual cause of the accident.[3]   Accordingly, the plaintiff's

motion for a new trial will be denied.  An appropriate order follows.

---

[3]Indeed, if the plaintiffs' position is credited, we would not have needed to ask both questions on the verdict slip; it would have been sufficient for the jury to find that the defendant's had been negligent.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DMITRIY MAVRESHKO, a minor
by his parents and natural guardians,
IGOR MAVRESHKO and SVETLANA
MAVRESHKO, and IGOR
MAVRESHKO in his own right,
:                  Plaintiffs

           v.

RESORTS USA, INC, HA RA
CORPORATION, d/b/a
FERNWOOD HOTEL AND RESORT,
:                  Defendants

No. 3:04cv457

(Judge Munley)

## ORDER

**AND NOW**, to wit, this 7th day of September 2006, the plaintiffs' motion for new trial (Doc. 103) is hereby **DENIED**.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

9